UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DAVID SAN INOCENCIO

             Plaintiff,

     -against-

JAMES ARROYO, Shield # 1287; HENRY
HERNANDEZ, Shield # 29711; and the CITY OF
NEW YORK,

             Defendants.
-----------------------------------------------------------------x

MEMORANDUM
AND ORDER
08-CV-4898 (RJD)

DEARIE, Chief Judge:

On November 26, 2008, plaintiff David San Inocencio, appearing *pro se*, and currently incarcerated at Rikers Island Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. By Order dated February 24, 2009, plaintiff was directed to amend his complaint within thirty (30) days of the entry of the Order, detailing his claims against the defendants named in the caption of his complaint, alleging how each individual defendant was personally involved in the events that he claims violated his rights and providing the dates and locations for each relevant event. Plaintiff filed an amended complaint on April 1, 2009 (Dkt. No. 5).

## BACKGROUND

In the amended complaint, plaintiff alleges that on May 11, 2008, he sustained numerous injuries in an altercation between himself and other unknown individuals. More specifically, plaintiff states that "while walking down Meeker street at about 1:45 a.m., I was jumped by multiple individuals. I was punched, kicked and tripped to the floor, where I was further gang assaulted by these unknown individuals." Amend. Compl. at 1, ¶ 3. Plaintiff further claims that

1

he was approached by an officer, Henry Hernandez, who "asked me what had happened, and did I rob that lady. . . . Some time later, while at Bellevue Hospital, Detective Jaime Arroyo, came and asked me did I rob Anna Nowacka. I said 'NO.' . . . At that point Detective Jaime Arroyo said to me he spoke with the guys and they told him they jumped me cause I robbed a female, then took her purse from me where my I.D. and wife's picture was inside. I then asked him to arrest my attackers, he said 'NO,' I'd have to wait until I got out of jail, that I was being arrested for robbery." Amend. Compl. at 1-2, ¶ 3. Plaintiff claims that his rights were violated because defendants "didn't arrest the men who assaulted and robbed me after I formally requested so, and conspiracy to interfere with my civil rights under section 1985." Amend Compl. at 2, ¶ 5. Plaintiff seeks unspecified money damages. Amend. Compl. at 3, ¶ 6.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007). See also Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.

## DISCUSSION

Plaintiff claims that his rights were violated because defendants failed to arrest or prosecute the individuals allegedly involved in the incident that occurred on May 11, 2008. A private citizen does not have a constitutional right to initiate criminal proceedings. See Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (per curiam) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); Yashaahla v. M.H.A.N.Y., No. 05 CV 4963, 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006). However, plaintiff may have a claim under the Equal Protection Clause of the Fourteenth Amendment, as enumerated in Myers v. County of Orange, 157 F.3d 66 (2d Cir. 1998). "The Second Circuit held that where a district attorney enacts a policy which acts as a blanket proscription against criminal cross-complaints, the cross-complainant's constitutional rights are violated." McCrary v. County of Nassau, 493 F.Supp.2d 581, 588 (E.D.N.Y. 2007) (citing Myers, 157 F.3d at 66). The Court in Myers further held that "a policy by a police department or district attorney's ("DA") office favoring an initial complainant over a later one without giving primary regard to the particular facts involved in the case violates the Equal Protection Clause of the Fourteenth Amendment." Myers, 157 F.3d at 69. Here, plaintiff alleges that he was told by defendants that they would not arrest the individuals who allegedly attacked him until he was released from jail. Amend. Compl. at 2, ¶ 3. Plaintiff does not allege facts to support a claim that defendants were engaged in a conspiracy to deny his constitutional rights. See Straker v. Metropolitan Transit Auth., 333 F.Supp.2d 91, 102 (E.D.N.Y. 2004).

## CONCLUSION

Construing plaintiff's complaint liberally pursuant to Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), and Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999), plaintiff's Equal Protection Claim shall proceed. The Clerk of Court shall issue summonses and

3

the United States Marshals Service is directed to serve the summonses, complaint, this Court's February 24, 2009 Order, plaintiff's amended complaint and this Order upon the defendants without prepayment of fees. The matter is referred to Magistrate Judge Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
April 30, 2009